IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID DEIBLER, | ) |
| Plaintiff, | ) |
| v. | ) Civil Action No. 11-929 |
| NATIONWIDE MUTUAL INSURANCE COMPANY, | ) Judge Cathy Bissoon |
| Defendant. | ) |

## MEMORANDUM ORDER

Pending before the Court are Defendant Nationwide Mutual Insurance Company's Motion to Dismiss (Doc. 10) and Plaintiff David Deibler's Motion to Strike (Doc. 15) Defendant's Motion to Dismiss. For the reasons stated herein, the Court will deny Defendant's motion to dismiss and deny Plaintiff's motion to strike.

Defendant moves this Court to compel arbitration of Count I of Plaintiff's amended complaint, dismiss Count I, and stay all further proceedings in this case regarding Count II during the pendency of arbitration of Count I. This Court may enforce agreements to arbitrate by compelling arbitration pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1, et seq. "Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." Century Indemnity Co. v. Certain Underwriters at Lloyd's, London, Subscribing to Retrocessional Agreement Nos. 950548, 950549, and 950646, 584 F.3d 513, 523 (3d Cir. 2009). For an arbitration agreement to be enforceable under the FAA, the agreement must be in writing. 9 U.S.C. § 2; Century Indemnity, 584 F.3d at 532 n.15. The party seeking arbitration has the burden of demonstrating the existence of a valid agreement to arbitrate. See Schwartz v.

1

Comcast Corp., 256 F. App'x 515, 518 (3d Cir. 2007) (citing Goldstein v. Depository Trust Co., 717 A.2d 1063, 1067 (Pa. Super. Ct. 1998)).

Defendant has submitted letters indicating that Plaintiff's attorney requested arbitration of a claim related to Plaintiff, and that the parties selected arbitrators. See Exhibits to Def.'s Mot. (Doc. 10-1). Defendant, however, has not submitted any evidence of an actual written agreement to arbitrate the dispute at issue in Count I of Plaintiff's amended complaint.[1] Defendant's motion to compel arbitration, therefore, is denied.

Defendant's Reply Brief (Doc. 20) raises various issues regarding the merits of Plaintiff's claims, rather than addressing the issue of whether the parties agreed to arbitrate the dispute at issue in Count I of the amended complaint. Because Defendant did not raise these issues in its motion to dismiss, and Plaintiff has had no opportunity to respond, the Court will not consider the arguments raised in Defendant's reply brief.

For the reasons stated above, the Court hereby **ORDERS** that Defendant's Motion to Dismiss (Doc. 10) is **DENIED WITHOUT PREJUDICE**. If Defendant wishes to provide evidence of a written agreement to arbitrate and file another motion to compel arbitration, or if Defendant wishes to file a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) based on the issues raised in Defendant's reply brief, Defendant is granted leave to file such a motion no later than November 17, 2011. Plaintiff's Motion to Strike (Doc. 15) is **DENIED AS MOOT**.

**IT IS SO ORDERED**.

---

[1] The parties' arguments focus on whether the dispute at issue falls within the scope of the parties' agreement to arbitrate. Without a written agreement to arbitrate, this Court cannot determine whether the dispute at issue falls within the scope of the agreement.

2

s/ Cathy Bissoon
                                                            Cathy Bissoon
                                                            United States District Judge

November 7, 2011

cc (via e-mail):

All counsel of record.